# United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7344 | **DATE** | 11/16/2010 |
| **CASE TITLE** | CHARLES HENRY LOCKETT v. ENGRICA MEDENEZ | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Plaintiff's application to proceed *in forma pauperis* [4]. The Court further finds that Plaintiff fails to state a claim and DISMISSES his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending motions are moot.

■[For further details see text below.]

Docketing to mail notice and AU-450

## STATEMENT

Charles Henry Lockett applies to pursue his suit without prepaying the customary $350 filing fee. Federal courts may permit indigent plaintiffs to pursue claims without prepayment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a litigant who proceeds without the burden of court costs or filing fees does so at the expense of the public. Accordingly, before allowing a litigant to proceed *in forma pauperis*, the Court must determine whether the litigant has set forth an actionable claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In doing so, the Court applies the same standard as in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). Thus, the Court evaluates the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Mr. Lockett must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). Additionally, because Mr. Lockett filed his complaint without the assistance of counsel, the Court construes the factual allegations of his complaint liberally. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Here, Mr. Lockett complains that an inaccurate address is appearing on his credit report and harming his credit. He appears to be suing the person who does live at that address and attempts to bring his claim pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. The FCRA does, under certain circumstances, provide relief and protection for people who suffer harm as a result of inaccurate information on their credit reports. *See, e.g., id.* at §§ 1681n-1681o. However, the statute regulates the actions of credit reporting agencies. Thus, Mr. Lockett cannot recover against the person whose name appears on his credit

report. Instead, he should complain to the credit reporting agency who is reporting the information he believes to be inaccurate. If he cannot obtain relief in that way, perhaps then he should pursue other avenues for relief from the agency.

Because Mr. Lockett's complaint fails to state a claim upon which relief can be granted, the Court denies his application to proceed *in forma pauperis* and dismisses his complaint.